### AMERICAN AUDIT CO. v. INDUSTRIAL FEDERATION OF AMERICA.

(Supreme Court, Appellate Division, First Department. March 6, 1903.)

1. ATTACHMENT—AFFIDAVIT—SUFFICIENCY.

Affidavit for an attachment which merely avers that "plaintiff is entitled to recover from the defendant" a sum of money, and that "plaintiff's services which defendant contracted to pay for were performed within the state," states mere conclusions, and does not show facts sufficient to constitute a cause of action.

Appeal from Special Term, New York county.

Action by the American Audit Company against the Industrial Federation of America. From an order denying a motion to vacate an attachment, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

L. M. Berkeley, for appellant.

W. H. Black, for respondent.

O'BRIEN, J. The defendant moved to vacate the attachment on the papers upon which it was granted, consisting of a summons and an affidavit, the contention being that the summons was void and that the plaintiff did not state a cause of action against the defendant. In view of the conclusion at which we have arrived upon the more substantial question as to whether a cause of action was stated, it is unnecessary to discuss the question as to the validity of the summons, and as to whether this point was abandoned by the defendant at Special Term.

The affidavit used to obtain the warrant of attachment is as follows:

"Theodore Cocheu, Jr., being duly sworn, says:

"1. That the plaintiff above named is entitled to recover from the defendant above named the sum of nine hundred and six and $87/100$ dollars, with interest from the second day of July, 1902, over and above all counter-

claims known to the plaintiff upon one of the causes of action mentioned in section 635 of the Code of Civil Procedure, and particularly set forth in subdivision 2 of this affidavit.

"2. That plaintiff has frequently demanded said sum of defendant, but defendant has not paid same. Plaintiff is a resident of the state of New York, and said plaintiff's services which defendant contracted to pay above sum for were performed within the state of New York.

"3. That the defendant is a foreign corporation, being incorporated under the laws of the state of New Jersey, and that its principal office is without the state of New York."

It has been frequently held that, to entitle a plaintiff to a warrant of attachment, he must show by affidavit sufficient facts to make out a cause of action, and that conclusions will not suffice. Here the plaintiff sues upon contract, and the question for our determination is, does the plaintiff show facts establishing a cause of action on contract? The statement that "the plaintiff above named is entitled to recover from the defendant above named the sum of $906.87" is a mere conclusion, and is not a statement of facts tending to show that any contract was ever made between the parties. It is true we find the statement that "said plaintiff's services which defendant contracted to pay above sum for were performed." Here, again, however, we have a conclusion without any averment of the terms of the contract. It cannot be determined from the affidavit whether the contract alleged was express or implied, oral or written; nor can we tell therefrom the nature of the alleged services, or when, where, and to whom they were rendered, or when they were to be paid for. Equally silent is the affidavit as to whether it was a contract in which the amount was fixed, or whether the claim was upon quantum meruit. It is, however, unnecessary to pursue the discussion, for it is apparent from reading the affidavit that the four essential things required to establish a cause of action on contract are wanting, namely, the nature of the contract, performance by plaintiff, breach by defendant, and the damages. The affidavit being, therefore, insufficient in failing to state facts from which the court could see that the plaintiff had a cause of action on contract against the defendant, the motion to vacate the attachment should have been granted.

The order, accordingly, is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.